Ruffin, C. J.
 

 Without considering the question, whether a general residuary clause vests in the legatee the legal remainder in slaves, specifically given to another for life, upon the assent of the executor to the legacy for life, the Court holds this cáse to be against the plaintiff. For, supposing the affirmative to be true ordinarily, it is not so upon this will. The residue in the slaves is not expressly given in that clause ; but they are previously
 
 *282
 
 disposed of otherwise. If they form a part of the residue at all, they fall into it by operation of law merely, contrary to the wish and expectation of the testator, upon the ground, that the disposition of them, foremancipation, tailed by reason of its illegality. Now, that illegality is not established. It is possible, and, perhaps, probable, that it is deemed contrary to policy in South Carolina, to allow slaves to be emancipated and remain there, and the law of that State may not permit it. But, although we know that slavery is established in South Carolina, yet, without evidence, it cannot be judicially assumed here, that a bequest for emancipation is not valid there ; since a power in the owner to manumit is not so absolutely irncompatible with slavery, that they cannot co-exist under the same government; and, in fact, such a power, in some form or other, has been tolerated in most countries and in the States of this Union, in which that institution prevails. But, if that were otherwise, still the right of this residuary legatee would not be a legal, but an equitable one. For. it is plain, the testator meant, that either his personal representative, or the trustees nominated in the will, should perform the office of emancipating, or procuring the emancipation, of the slaves, if any further act were necessary to effect it; and to that end, the legal title must have been intended to revert to the personal representative, upon the death of the widow, or to vest in the trustees, with the land and other property, given "for the benefit” of the slaves. If the purpose of those gifts were illegal and could not be enforced nor executed, still the gifts themselves would not be avoided, but a trust would result to the residuary legatee, upon which there can be no action at law, but only a remedy in Equity.
 

 Per Curiam. Judgment affirmed.